Aron Steuer, J.
The action is for a declaratory judgment adjudicating that a certain deed of trust is void and of no effect and further enjoining the sale of certain stock and enjoining the purchaser from exercising any rights in connection with the said stock. This motion is for similar injunctive relief during the pendency of the action.
It is elementary that in an action for an injunction, in order to obtain the relief requested in advance of trial, the plaintiff must show a clear legal right. When the injunction merely seeks to preserve the status quo a greater leniency is accorded the plaintiff’s proof provided it is shown that the existing situation can be maintained without material interference with the defendant’s affairs and that a change would interfere seriously with the plaintiff obtaining the relief to which he would be entitled after a judgment.
With those ends in view the facts are examined. Thor Eckert & Company is the successor to a business founded by the late Thor Eckert who died in 1940. After several changes of form the business was incorporated about 1945, with 1,000 shares. G-erda Eckert, the founder’s widow owned 500 shares; her son Thor had 250 shares and one Fred Simmonds owned the balance of 250. Later Simmonds ’ shares were purchased by the company and were held by it as treasury stock. Differences arose between mother and son as to the management of the company and a special meeting of stockholders was called for January 3, 1958 following an offer by Thor to resign as president. Maud Wilcox, daughter of Cerda and sister of Thor, acted as secretary to the meeting and recorded the agreement reached at the time. Thor withdrew his resignation and agreed to continue as presi *806 dent. Mrs. Eckert resigned as a director and received the newly created position of chairman emeritus of the hoard which carried a salary and the right to he present at board meetings but no right to vote. Captain Forrest Tucker, a nominee of Mrs. Eckert’s, was elected a director. A stock recapitulation by which preferred shares were to be issued was agreed to. Mrs. Eckert agreed to place her common shares in a trust for the benefit of her grandchildren with Thor, Mrs. Wilcox and N. Leonard Jarvis, an officer of Hayden, Stone & Co., acting as trustees. Mrs. Eckert received a guarantee that her dividends on the preferred shares plus her salary as chairman emeritus would equal the income she was then receiving. Other matters, if any, were left for further discussion. This memorandum was signed by Thor and Cerda Eckert.
Thereafter the recapitulation plan and the changes in the directorate including the election of Mrs. Eckert as chairman emeritus were effected. The trust agreement was signed by all necessary parties and notarized. However, Mrs. Eckert never delivered her stock to the trustees. She purported to revoke the trust but the latter by its terms is irrevocable except upon the unanimous agreement of the signatories to it. She now claims that the instrument is inoperative because she never authorized her attorney to deliver it after she executed it.
Following her failure to deliver the stock she started negotiations with an outside corporation to sell her stock to it. As her stock was a majority of the issued stock this sale would naturally have a decisive effect on the management of the Eckert corporation. In the face of this Thor Eckert called a special meeting of the directors. At this meeting, attended by all the directors except Mr. Maxwell, he proposed to buy the 250 shares then held in the treasury for cash at book value. The proposal was accepted by a vote of two to one, Captain Tucker voting in the negative and Mr. Jarvis abstaining from voting. The sale was effected and the consideration paid shortly thereafter.
It is contended that the sale is inoperative because the notice for the special meeting did not call attention that such a sale would be proposed, and further that it was beyond the powers of the directors to allow a sale which would change the position of a director from a minority stockholder to one of equality with the majority stockholder.
Before these questions are considered the elementary issues should be considered. It is clear that unless Mrs. Eckert is a stockholder she has no standing to question the actions of the board. Her claim to be a stockholder rests on the invalidity of the trust agreement. As to that her position is not so certain *807 that it can be claimed that she has shown a clear legal right. In fact unless she prevails in her action she will have no rights at all. Decision in her favor would be tantamount to determination of the action in her favor and would imply decision of a strongly contested fact and one generally contrary to human experience, in her favor. There is no basis for such a decision at this time.
Secondly we come to the question of balance of convenience, upon the theory that the status quo may be maintained even in the face of a sharp issue, if the destruction of that status will render the action nugatory. There is always the proviso that this can be accomplished without appreciable damage to the person enjoined. Here, the plaintiff, assuming the stock to be hers, intends either to keep it or sell it. If the latter, the status quo will not be maintained and an injunction based on relative convenience cannot issue where its purpose is to make one party maintain the existing status so that the moving party can change it. If she intends to keep her stock no pressing necessity for a decision in advance of trial is shown. If preliminary proceedings are conducted expeditiously the minimal period required for an equity action to reach trial should produce no serious embarrassment in the day-to-day affairs of the corporation.
Motion denied.